## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JACQUELINE ZENON,

      Plaintiffs,

vs.

COLLECTION RESULTS, INC., a Florida
Corporation,

      Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, JACQUELINE ZENON, by and through undersigned counsel, and sues Defendant COLLECTION RESULTS, INC., a Florida Corporation, and alleges as follows:

## INTRODUCTION

1.    Plaintiff alleges violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, F.S. § 559.55-559.785, *et seq.* ("FCCPA").

## JURISDICTION & VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because both Plaintiff and Defendant reside here, and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff is a natural person who resides in the County of Broward, State of Florida and is a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being

1

directly affected by violations of those acts. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and F.S. § 559.55(2).

4.     Defendant is a Florida Corporation headquartered in Broward County, State of Florida.

5.     Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

6.     Defendant regularly collects or attempts to collect debts for other parties. They are a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and F.S. § 559.55(6).

7.     At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

8.     With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

   a.   *Abusive Practices* - There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b.   *Inadequacy of Laws* - Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## ALLEGATIONS

9.     Defendant sought to collect a debt from Plaintiff by placing calls to Plaintiff's cellular telephone.

10.    The alleged debt incurred by Plaintiff was for personal, family or household purposes, and a "debt" as defined under 15 U.S.C. § 1692a(5) and F.S. § 559.55(1).

11.     On information and belief, the amount of the alleged debt Defendant sought to collect from Plaintiff was $267.62, which included collection costs assessed by Defendant.

12.     On information and belief, the amount of the alleged debt Defendant sought to collect from Plaintiff, not including collection costs, was  $198.24.

13.     On information and belief, no express agreement was made between Plaintiff and the underlying creditor, Coral Reef Gymnastics, that Plaintiff would be responsible for any collection costs should Plaintiff's account be submitted for collection.

14.     Defendant's initial communication with Plaintiff was by telephone on or about October 8, 2012.

15.     On information and belief, the caller gave her name as "Angela".

16.     During the October 8, 2012 phone call, Defendant failed to inform Plaintiff that the call was from a debt collector and that the call was an attempt to collect a debt and that any information would be used for that purpose, in violation of 15 U.S.C. § 1692e(11).

17.     During the October 8, 2012 phone call, Defendant, in demanding payment for the alleged debt, used obscene and/or abusive language when speaking to Plaintiff, in violation of 15 U.S.C. § 1692d(2) and F.S. § 559.72(8). On information and belief, Defendant referred to Plaintiff as a "fucking bitch."

18.     During the October 8, 2012, Plaintiff disputed liability for the alleged debt.

19.     During the October 8, 2012 phone call, Defendant threatened to report Plaintiff's alleged debt to a credit reporting agency if Plaintiff failed to pay the alleged debt.

20.     Defendant failed to inform Plaintiff that her dispute of the alleged debt would be reported to the credit reporting agency as well.

21.     On or about October 9, 2012, Defendant again contacted Plaintiff by telephone.

22.    On information and belief, the caller was the same caller from the October 8, 2012 phone call. In addition, the call originated from the same phone number as the October 8, 2012 phone call.

23.    During the October 9, 2012 phone call, the caller did not identify herself, nor did she identify the name of her agency. The caller further failed to identify herself as a debt collector and failed to identify that she was attempting to collect a debt.

24.    During the October 9, 2012 phone call, the caller began screaming at Plaintiff and demanded payment for the alleged debt.

25.    During the October 9, 2012 phone call, the caller used obscene and/or abusive language towards Plaintiff including, but not limited to, calling Plaintiff "ghetto" and "scumbag".

26.    Defendant failed to provide a written notice to Plaintiff with regard to the amount of the debt and the name of the creditor, along with notice of the debtor's right to dispute the validity of the debt in violation of 15 U.S.C. § 1692g.

27.    Due to Defendant's failure to comply with § 1692g of the FDCPA, Plaintiff was not afforded an opportunity to dispute the debt in writing or request additional information with respect to his rights to validate and/or verify the debt.

28.    Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010).

29.    Defendant also failed to provide written notice to Plaintiff of the assignment to collect this alleged debt, in violation of F.S. § 559.715.

30.    A violation of the FCCPA has been held to support a cause of action under the FDCPA. *Leblanc v. Unifund CCR Partners, et al*, 601. F.3d 1185 (11th Cir. 2010).

4

31.    In subsequent phone calls to Plaintiff on or about October 18, 2012, October 29, 2012, October 30, 2012, and November 10, 2012, Defendant failed to inform Plaintiff that the call was from a debt collector, in violation of 15 U.S.C. § 1692e(11).

32.    Defendant's only written communication to Plaintiff, attached hereto as <u>Exhibit "A"</u>, was an email dated October 19, 2012. This email failed to contain any notice to Plaintiff of her right to dispute the debt pursuant to 15 U.S.C. § 1692g.

33.    Defendant's email to Plaintiff, as the initial written communication, also failed to state that it was an attempt to collect a debt and that any information would be used for that purpose.

34.    On or about October 30, 2012, Defendant left the following voice message on Plaintiff's cellular telephone:

> *Hi Jackie, this is Judy from Collection Results, following up. My number's 954-428-7676. I'm going to be leaving in a few minutes but I'm going to be here all day tomorrow, 'til about 7:30. So give me a buzz, thanks.*

35.    The message is a communication as defined by 15 U.S.C. § 1692a(2).

36.    The message failed to inform Plaintiff that the call was from a debt collector and failed to disclose the purpose of Defendant's message.

## COUNT I
## VIOLATION OF THE FDCPA UNDER 15 U.S.C. § 1692e(11)

37.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 36.

38.    In connection with the collection of a debt, Defendant failed to disclose in its phone call to Plaintiff that it is a debt collector, in violation of 15 U.S.C. § 1692e(11).

39.    In connection with the collection of a debt, Defendant failed to disclose in its phone message to Plaintiff that it is a debt collector, in violation of 15 U.S.C. § 1692e(11).

40.   In connection with the collection of a debt, Defendant failed to disclose in its initial phone call to Plaintiff that the communication was an attempt to collect a debt and any information would be used for that purpose, in violation of 15 U.S.C. § 1692e(11).

41.   In connection with the collection of a debt, Defendant failed to state in its first and only written communication to Plaintiff that the communication was an attempt to collect a debt and any information would be used for that purpose, in violation of 15 U.S.C. § 1692e(11).

42.   Plaintiff has hired Cabanas Law, PA to represent her in this action and has agreed to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff, respectfully prays that judgment be entered against Defendant, for damages, together with costs of suit and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, and for such other and further relief as may be just and proper.

## COUNT II
## USE OF OBSCENE LANGUAGE WHILE ATTEMPTING TO COLLECT A DEBT

43.   Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 36.

44.   Defendant used obscene or profane language, or language the natural consequence of which is to abuse the hearer, towards Plaintiff during a telephone call on or about October 8, 2012 in which Defendant was attempting to collect a debt, in violation of 15 U.S.C. § 1692d(2).

45.   Plaintiff has hired Cabanas Law, PA to represent her in this action and has agreed to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, for damages, together with costs of suit and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, and for such other and further relief as may be just and proper.

## COUNT III

### USE OF OBSCENE LANGUAGE WHILE ATTEMPTING TO COLLECT A DEBT

46.  Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 36.

47.  Defendant used obscene or profane language, or language the natural consequence of which is to abuse the hearer, towards Plaintiff during a telephone call on or about October 9, 2012 in which Defendant was attempting to collect a debt, in violation of 15 U.S.C. § 1692d(2).

48.  Plaintiff has hired Cabanas Law, PA to represent her in this action and has agreed to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, for damages, together with costs of suit and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, and for such other and further relief as may be just and proper.

## COUNT IV

### FAILURE TO PROVIDE MEANINGFUL DISCLOSURE
### REGARDING PURPOSE OF PHONE CALL

49.  Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 36.

50.  In connection with the collection of a debt, Defendant, on or about October 30, 2012, failed to disclose the purpose of its communication in the telephone message left for Plaintiff, in violation of 15 U.S.C. § 1692d(6). See *Valencia v. The Affiliated Group, Inc.*, 2008 U.S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008).

51.  Plaintiff has hired Cabanas Law, PA to represent her in this action and has agreed to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, for damages, together with costs of suit and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, and for such other and further relief as may be just and proper.

## COUNT V
## FAILURE TO PROVIDE WRITTEN NOTICE PURSUANT TO 15 U.S.C. § 1692g

52.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 36.

53.    In connection with the collection of a debt, within five days of the initial communication with Plaintiff, Defendant failed to provide a written notice to Plaintiff with regard to the amount of the debt, the name of the creditor, and a notice of Plaintiff's right to dispute the validity of the debt, in violation of 15 U.S.C. § 1692g.

54.    Plaintiff has hired Cabanas Law, PA to represent her in this action and has agreed to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, for damages, together with costs of suit and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, and for such other and further relief as may be just and proper.

## COUNT VI
## THREATENING TO TAKE AN ACTION THAT CANNOT LEGALLY BE TAKEN

55.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 36.

56.    In connection with the collection of a debt, Defendant threatened to report Plaintiff's alleged debt to a credit reporting agency, despite failing to first give Plaintiff at least 30

days' notice of its assignment to collect said debt, a condition precedent required by F.S. § 559.715.

57.    In failing to meet a condition precedent, prior to any attempts to collect an alleged debt against Plaintiff, Defendant violated the FCCPA. In violating the FCCPA, Defendant violated the FDCPA in threatening to take an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5).

58.    Plaintiff has hired Cabanas Law, PA to represent her in this action and has agreed to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, for damages, together with costs of suit and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, and for such other and further relief as may be just and proper.

## COUNT VII
## ATTEMPTING TO COLLECT AN AMOUNT GREATER THAN PERMITTED

59.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 36.

60.    In connection with the collection of a debt, Defendant attempted to collect an amount greater than that which was expressly agreed to by Plaintiff, in violation of 15 U.S.C. § 1692f(1). More specifically, no express agreement existed between Plaintiff and Coral Reef Gymnastics whereby Plaintiff would be liable for collection costs if Plaintiff's account was submitted for collection.

61.    Plaintiff has hired Cabanas Law, PA to represent her in this action and has agreed to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, for damages, together with costs of suit and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, and for such other and further relief as may be just and proper.

**COUNT VIII**

**VIOLATION OF THE FCCPA**

62.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 36.

63.     Defendant used profane, obscene, vulgar and/or willfully abusive language in communicating with Plaintiff during a telephone call on or about October 8, 2012 in which Defendant was attempting to collect a debt, in violation of F.S. § 559.72(8).

64.     Defendant used profane, obscene, vulgar and/or willfully abusive language in communicating with Plaintiff during a telephone call on or about October 9, 2012 in which Defendant was attempting to collect a debt, in violation of F.S. § 559.72(8).

65.     Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass the Plaintiff, in violation of F.S. § 559.72(7), to wit: Defendant used profane, obscene, vulgar and/or willfully abusive language in communicating with Plaintiff during a telephone call on or about October 8, 2012 in which Defendant was attempting to collect a debt.

66.     Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass the Plaintiff, in violation of F.S. § 559.72(7), to wit: Defendant used profane, obscene, vulgar and/or willfully abusive language in communicating with Plaintiff during a telephone call on or about October 9, 2012 in which Defendant was attempting to collect a debt.

67.     In connection with the collection of a debt, Defendant told Plaintiff, who disputed a consumer debt, that it would disclose to another, orally or in writing, directly or indirectly,

information affecting the Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed, in violation of F.S. § 559.72(3).

68.   Plaintiff has hired Cabanas Law, PA to represent her in this action and has agreed to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, for damages, together with costs of suit and reasonable attorney's fees pursuant to F.S. § 559.77, and for such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated this 27th day of November, 2012.

CABANAS LAW, PA
*Attorneys for Plaintiff*
18503 Pines Blvd, Ste. 301
Pembroke Pines, FL 33029
Telephone:     (954) 447-2580
Facsimile:     (954) 447-2959
cabanaslaw@aol.com

By: s/Daniel Tam
DANIEL TAM, ESQ.
FBN 60610

11

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA              )
                                        ) ss
COUNTY OF BROWARD           )

Plaintiff JACQUELINE ZENON, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I am over eighteen years of age.
3. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
4. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
5. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
6. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
7. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
8. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
JACQUELINE ZENON

Subscribed and sworn to before me
this _____ day of November, 2012.

ZINA PENA
MY COMMISSION # DD 896626
EXPIRES: June 7, 2013
Bonded Thru Notary Public Underwriters

_____
Notary Public

11



**Subject:** Coral Reef Gymnastics

**From:** Judy Angeramo <span style="background:black">████████████</span>

**To:** <span style="background:black">████████████</span>

**Date:** Friday, October 19, 2012 4:41 PM

Jacqueline – Per our conversation last night regarding your account #████, I contacted the client today to get an explanation of all charges. Attached is a copy of the ledger you requested. The charge of $30.74 was for a leotard purchase. The charge of $92.50 represents the balance for June. I have attached a copy of the paperwork that you signed with Coral Reef that specifically states the policy requiring "30 day Written Drop Notice." The three $25 charges are for late pick-up which Carla said is outlined in the "Welcome Packet" that all parents are given at sign up. We do not have a copy of this on file but Carla said that you were given this information which she said specifically mentions about the late pick-up charge. The total due to Coral Reef is $198.24 as shown.

The total balance showing in our system is $267.62 including collection costs. However, due to the bad experience you had with our office, we will waive the collection costs for a balance of $198.24, the amount owed to our client.

If you have any questions or need additional assistance, please contact me directly.

Judy Angeramo
Collection Results Inc
1121 S Military Trail #286
Deerfield Beach FL 33442
<span style="background:black">████████████</span>
954-428-7676 Local
888-428-7676 Toll Free

*Collection Results Inc is a debt collector.*

**EMAIL CONFIDENTIALITY STATEMENT:**

*This email communication and the attachments(s) hereto, if any, are intended solely for the information and use of the addressee(s) identified above and may contain information which is legally privileged from disclosure and/or otherwise confidential. If a recipient of this email communication is not an addressee (or an authorized representative of an addressee), such recipient is hereby advised that any review, disclosure, reproduction, re-transmission or other dissemination or use of this email communication (or any information contained herein) is strictly prohibited. If you are not an addressee and have received this email communication in error, please advise the sender of that circumstance either by reply email or by telephone at (954) 428-7676, immediately delete this email communication from any computer, and destroy all physical copies of same.*

11/14/2012